**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **FRANK DISALVO, individually and as a representative of the class,** | ) ) ) | |
| **Plaintiff,** | ) | **Case No. 1:16-cv-01697** |
| | ) | |
| **v.** | ) | **Jude Patricia A. Gaughan** |
| | ) | |
| **INTELLICORP RECORDS, INC.,** | ) ) | |
| **Defendant** | ) | |

**<u>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS</u>**

## I. INTRODUCTION

Defendant's Motion to Dismiss is internally inconsistent and must be denied. Indeed, Defendant ignores statutory, Supreme Court, and Sixth Circuit precedent holding that at worst, the case must be remanded – not dismissed. Removing a case is tantamount to conceding federal jurisdiction, and following removal with a motion to dismiss on these grounds is disingenuous at best. As the removing party, it is *Defendant's* burden to establish that jurisdiction is proper in this Court – not Plaintiff's. Thus, Plaintiff takes no position on whether his complaint adequately alleges a concrete injury-in-fact.

Equally disturbing are Defendant's aspersions about forum shopping. Defendant has represented to other courts that it *strongly prefers* to litigate in Ohio where it is headquartered, and has sought to transfer other lawsuits to *this district* citing convenience. For this reason, Plaintiff re-filed the action in the Cuyahoga County Court of Common Pleas – the geographic forum Defendant has claimed is most convenient for it to litigate.

Last, Defendant asks this Court for two incompatible decisions. On the one hand, it argues that the Court should dismiss this action because Congress cannot create Article III

standing by statute. On the other hand, Defendant asks the Court to dismiss, rather than remand, this action arguing that through the Class Action Fairness Act Congress can legislate around Article III standing limitations. These positions are incompatible and ignore black letter law stating that cases which are dismissed for lack of subject matter jurisdiction must be remanded, and not dismissed. *See* 28 U.S.C. § 1447(c). Other courts have resoundingly rejected Defendant's assertion that CAFA somehow warrants a different result, including one that threatened Rule 11 sanctions because of this meritless argument. *See*, *Patton v. Experian Data Corp.*, No. SACV 15-1871 JVS (PLAx), 2016 WL 2626801, at *6 (C.D. Cal. May 6, 2016) (remanding case to state court for lack of subject matter jurisdiction, stating that "[a]ny re-removal [under CAFA] would be contrary to well-settled Article III law and would raise substantial questions under Federal Rule of Civil Procedure 11.")

## II. ARGUMENT

### A. Defendant's bears the burden to show federal jurisdiction is proper.

It has long been the law that "the party invoking federal jurisdiction bears the burden of establishing" the elements of standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "As the removing party, the Defendant[] [has] the burden to establish federal subject matter jurisdiction." *Vorst v. Bruskotter*, No. 3:15-cv-01613, 2015 WL 6756150 at *1 (N.D. Ohio Nov. 4, 2015) (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994) ("The burden to establish federal jurisdiction in this case is clearly upon the defendants as the removing party.")). This burden also applies to Article III's injury-in-fact requirement. *See Envtl. Research Ctr. v. Heartland Products*, 29 F. Supp. 3d 1281, 1282 (C.D. Cal. 2014) (noting removing party bears burden of "establishing the existence of a case or controversy under Article III, including the core component of standing.") (internal quotations omitted).

Because Defendant removed this action from state court, Defendant—not Plaintiff—must demonstrate that the federal court has jurisdiction. Yet it does just the opposite, and as such, Plaintiff takes no position on whether his complaint adequately alleges a concrete injury-in-fact.

**B. A dismissal on the merits is inconsistent with the law of this Circuit.**

With inexplicable logic, Defendant reaches far afield to suggest that dismissal rather than remand is appropriate because it "promote[s] the principles of CAFA, Article III standing and federalism." (Dkt. 5 at 12-13.) This contention is buttressed not by any legal authority, but rather the erroneous allegation that Plaintiff engaged in forum shopping by re-filing in Ohio state court after first filing in North Carolina.

Simply put, the Sixth Circuit unequivocally rejects Defendant's position: "in a removed action, upon determination that a federal court lacks jurisdiction, ***remand to state court is mandatory*** . . ." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 496-97 (6th Cir. 1999)(emphasis added). CAFA does not change this analysis. *See Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1031-33 (8th Cir. 2014); *Range v. Cincinnati Life Ins. Co.*, No. 1:11-cv-1367, 2012 WL 1035728, at *1 (N.D. Ohio Mar. 27, 2012).

Rather than tackle this premise head-on, Defendant instead focuses on the supposed inappropriateness of litigating in Ohio - Defendant's own home forum. But Defendant cannot point to anything substantively or procedurally improper about Plaintiff's decision to re-file this action in Ohio state court. Before Defendant filed its responsive pleading in the North Carolina action, Plaintiff dismissed that action by right pursuant to Federal Rule of Civil Procedure 41(a)(1)(i) and re-filed the action in Ohio state court. Defendant took no action whatsoever in that case, and the parties did not engage in any formal discovery, motion practice, or any other

measure of litigation in North Carolina. In other words, Defendant suffered no prejudice whatsoever when Plaintiff chose to re-file this action in Ohio. To the contrary, Defendant's own tactics in other FCRA litigation directly contradict the idea that Defendant will suffer prejudice by litigating in Ohio. *See, e.g.*, *Roe v. Intellicorp Records, Inc.*, No. 12-cv-02567-YGR, 2012 WL 3727323 (N.D. Cal. Aug. 27, 2012) (granting Intellicorp's motion to transfer class action from California to Ohio based on Intellicorp's assertions that litigating class action in Ohio was more convenient to Intellicorp). In that case, Defendant's President, Todd Carpenter, submitted a sworn declaration in support of its motion to transfer, stating that litigating in Ohio is more convenient to Defendant because: (1) Defendant is headquartered in Ohio; (2) Defendant has no offices outside of Ohio; (3) all but two of Defendant's employees reside in Ohio; and (4) all of Defendant's business documents are located in Ohio. (*See* Ex. 1, Decl. of T. Carpenter.)

Setting aside Defendant's bluster about forum shopping, its suggestion that the Court should dismiss this action with prejudice rather than remand is meritless. If the Court determines at any time that it does not have jurisdiction over Plaintiff's claim, then it *must* remand the case to state court. *See* 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The Supreme Court likewise explained that remand is mandatory: "the literal words of § 1447(c) . . . on their face, give . . . no discretion to dismiss rather than remand an action." *Int'l Primate Prot. League v. Amdin. of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (*quoting Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Human Servs.*, 876 F.2d, 1051, 1054 (1st Cir. 1989)). And the Sixth Circuit, relying on *International Primate*, held that "there is no implicit futility exception hidden behind the language of § 1447(c)." *Coyne*, 183 F.3d at 496.[1] Moreover,

[1] Defendant's assertion that remanding this action to state court would be a futile exercise ignores the Sixth Circuit's unequivocal rejection of the futility doctrine. Moreover, it also ignores that jurisdiction of state courts, like Ohio, is

"[d]ismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case." *Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011).

Defendant omits any reference to *Coyne* or *Revere,* and instead asks the Court to dismiss this action with prejudice because CAFA promotes "traditional notions of federalism" and "forcing a nationwide class action into a state court invites one state's court to dictate to 49 others what their laws should be on a particular issue . . ." (Dkt. 5 at 14) (internal quotation omitted). If the Court accepts Defendant's logic, it would the first time a federal court used CAFA to avoid the otherwise mandatory remand doctrine in 28 U.S.C. § 1447(c).

Moreover, Defendant's concern about a state court interpreting federal law in a nationwide class action is nonsensical. There is no difference between differing views of federal law in state courts as differing views of federal law in federal district courts of courts of appeal. State courts possess equal authority to interpret federal law. *See ASARCO*, 490 U.S. at 617 ("Although the state courts are not bound to adhere to federal standing requirements, they possess the authority, absent a provision for exclusive federal jurisdiction, to render binding judicial decisions that rest on their own interpretations of federal laws"). Indeed, "inferior federal courts are not required to exist under Article III, and the Supremacy Clause explicitly states that 'the Judges in every State shall be bound' by federal laws." *Id.* (quoting U.S. Const. Art. VI, cl. 2).

---

not restricted by Article III of the federal Constitution. *See ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989) ("We have recognized often that the constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or, in this case, a federal statute."); *Ohio Acad. of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 470, 715 N.E.2d 1062 (1999) ("Unlike the federal courts, state courts are not bound by constitutional strictures on standing; and with state courts standing is a self-imposed rule of restraint. State courts need not become enmeshed in the federal complexities and technicalities involving standing and are free to reject procedural frustrations in favor of just and expeditious determination on the ultimate merits.") (Quotations omitted).

CAFA does not alter this analysis. As the Eighth Circuit stated:

> To interpret CAFA as a congressional attempt to extend federal jurisdiction to cases involving no injury in fact would force us to presume – without any basis in the statutory text, *see* 28 U.S.C. § 1453, and in contradiction to long-settled constitutional precedent, *see, e.g.*, *Lujan*, 504 U.S. at 560 – that Congress intended to stretch, if not break, the constitutional limits on federal jurisdiction. We never assume the people's elected representatives would so casually disregard the Constitution they have sworn to uphold…

*Wallace*, 747 at 1031-33. Article III's injury in fact standing requirement is a "hard floor" and there is no basis to suggest that Congress intended to "drill through this hard floor" with CAFA. *Id.* Contrary to Defendant's argument, "Congress clearly incorporated Article III's traditional limits into CAFA." *Id.* If Plaintiff does not have Article III standing, then "CAFA does not extend federal jurisdiction to th[e] case." *Id.* at 1033. *See also Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009) ("[T]he requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute"); *Bradix v. Advance Stores Co., Inc.*, No. 16-4902, 2016 WL 3617717, at *5 (E.D. La. July 6, 2016) ("While CAFA does not itself make it a statutory requirement that the plaintiff in the removed action have standing, such a requirement would be unnecessary, as standing is a *constitutional* limit on federal jurisdiction, which cannot be altered by statute.") (internal citations omitted).

## III. CONCLUSION.

In the context of 28 U.S.C. § 1447(c), Defendant's Motion to Dismiss is self-executing. Where Defendant concedes that subject-matter jurisdiction is lacking, it must likewise concede to remand. Why Defendant forced Plaintiff – and the Court – to run this gauntlet remains unclear, especially given what appears to be a request that the Court ignore statutory, Circuit ***and*** Supreme Court precedent. As the *Patton* court recently noted, this type of litigation strategy raises serious questions under Rule 11. 2016 WL 2626801, at *6.

/s/ Matthew A. Dooley
Matthew A. Dooley, OH Bar No. 0081482
O'TOOLE, McLAUGHLIN, DOOLEY &
PECORA, Co., LPA
5455 Detroit Rd (Route 254)
Sheffield Village, OH 44054
Telephone: 440-930-4001
Facsimile: 440-934-7205
mdooley@omdplaw.com

Jeffrey B. Sand, Ga. Bar No. 181568
THE WEINER LAW FIRM LLC
3525 Piedmont Road
7 Piedmont Center, 3rd Floor
Atlanta, Georgia 30305
Telephone: 404-205-5029
Facsimile: 866-800-1482
js@atlantaemployeelawyer.com

ATTORNEYS FOR PLAINTIFF AND
FOR THE PUTATIVE CLASS

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1.(f)**

Plaintiff hereby certifies that this case has not been assigned a track.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2016, I filed the foregoing Plaintiff's Response to Defendant's Motion to Dismiss electronically with the Court's ECF system, which will send automatic e-mail notice of such filing to all counsel of record.

/s/ Matthew A. Dooley
Matthew A. Dooley