**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Frank Disalvo,** | ) | **CASE NO. 1:16 CV 1697** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Intellicorp Records, Inc.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon defendant's Motion to Dismiss (Doc. 5). For the following reasons, the motion is denied and the case is REMANDED.

### Facts

Plaintiff Frank DiSalvo, individually and as a representative of the class, filed this Class Action Complaint against defendant Intellicorp Records, Inc. in the Cuyahoga County Common Pleas Court.  The Class Action Complaint asserts one claim for violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b(b)(1). Defendant removed the case to this Court on the basis of federal question jurisdiction citing plaintiff's single count for violation of the FCRA.

1

Defendant additionally asserted jurisdiction under the Class Action Fairness Act (CAFA).

The Complaint alleges the following. The FCRA regulates the use of consumer reports for employment purposes. In order to give consumers the right to control the dissemination of their personal information, the FCRA imposes requirements on the employer and the consumer reporting agency. Pursuant to § 1681b(b)(2), prior to obtaining a consumer report for employment purposes, an employer must provide the consumer with a clear and conspicuous written disclosure that it may obtain a consumer report for employment purposes and must obtain the consumer's written authorization to obtain the report. Pursuant to § 1681b(b)(1), a consumer reporting agency may furnish a consumer report for employment purposes only if it first obtains a certification from the employer that the consumer has authorized the employer to obtain the report. According to § 1681b(b)(1)(A), a "consumer reporting agency may furnish a consumer report for employment purposes only if- - (A) the person who obtains such report from the agency certifies to the agency that - - (i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable; and (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation."

Defendant is a consumer reporting agency and has routinely violated the FCRA by failing to obtain the required certifications prior to furnishing the consumer reports to its users. In July 2014, Stevenson Automotive, Inc. ordered a consumer report regarding plaintiff from defendant for employment purposes. Defendant furnished the report to Stevenson. At the time it furnished the report, defendant had not obtained from Stevenson a certification that Stevenson had

complied with § 1681b(b)(2).  Instead, defendant required Stevenson to sign a Service Agreement which required Stevenson to "prospectively certify" that it will comply with the FCRA, including § 1681b(b)(1). The Service Agreement stated:

> Customer certifies that it will not request a Consumer Report for Employment purposes unless: (a) a clear and conspicuous written disclosure is first made to the consumer before the report is obtained, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; (b) the consumer has authorized in writing the procurement of the report; and (c) information from the Consumer Report for Employment Purposes will not be used in violation of any applicable federal or state equal employment opportunity law or regulation.

The Complaint sets forth one claim for relief: Defendant violated § 1681b(b)(1) by failing to first obtain the required certification before furnishing consumer reports to its users. Plaintiff seeks statutory damages only.

Although not addressed in the Complaint, the defendant directs to this Court's attention the previously filed case of *DiSalvo v. Intellicorp Records, Inc.*, 7:16 CV 13 (E.D.N.C.).  A review of the docket of the Eastern District of North Carolina reveals the following. On January 27, 2016, plaintiff Frank DiSalvo filed a Class Action Complaint against defendant Intellicorp Records, Inc. The Complaint is essentially identical to the one herein. On April 18, 2016, the parties filed a Joint Motion to Stay all Proceedings. The parties sought a stay pending resolution of the United States Supreme Court's decision in *Spokeo v. Robbins* which would address the issue of whether a plaintiff had Article III standing where he suffers no concrete harm but his action is based on a bare violation of a federal statute. The parties agreed that *Spokeo* "may potentially be dispositive of Plaintiff's claim in this lawsuit."  (Doc. 19 at 1-2) The Supreme Court issued its decision in *Spokeo* on May 16, 2016.  *Spokeo v. Robbins,* 136 S.Ct. 1540 (2016). On May 26, 2016, plaintiff filed his Notice of Dismissal without Prejudice. The Complaint

herein was filed on May 27, 2016.

This matter is now before the Court upon defendant's Motion to Dismiss the Complaint. The motion is filed pursuant to Fed.R.Civ. P. 12(b)(1).

**Standard of Review**

"Whether subject matter jurisdiction exists is a threshold determination the Court must make before proceeding further." *Ggnsc Stanford, LLC v. Gilliam,* 2016 WL 4700135 (E.D. Ky. Sept. 7, 2016) (citing *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1325 (6th Cir. 1993)). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *Hutchins v. Laferte*, 2016 WL 4534029 (W.D. Ky. Aug. 25, 2016) (citing *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004)).

**Discussion**

Defendant argues that the Complaint must be dismissed for lack of subject matter jurisdiction given that plaintiff lacks standing because he has not alleged concrete harm sufficient to establish an injury-in-fact that is redressable under Article III. In particular, defendant points out that plaintiff has not alleged that the background report, prepared by defendant at the request of Stevenson Automotive, was inaccurate, contained errors, or had a negative impact on an employment opportunity. Rather, plaintiff alleges that the certification in the Service Agreement between defendant and Stevenson Automotive allowed the latter to prospectively certify its compliance with the FCRA- characterized by defendant as a "hyper-technical violation" of the statute. Plaintiff does not allege that he did not receive the statutorily-

required information regarding Stevenson's intent to obtain a background report, that he did not provide Stevenson with his consent for the background check, or that the consent was invalid.

*Spokeo* reiterated that "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo,* 136 S.Ct. at 1549. For that reason, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* Defendant asserts that the Complaint does not identify any actual or concrete harm resulting from defendant's alleged violation of the FCRA when it did not technically comply with the statute. Instead, plaintiff seeks only statutory damages. As such, defendant maintains, because plaintiff cannot show concrete harm as a result of defendant allegedly not receiving a timely certification from Stevenson Automotive that it complied with § 1681b(b)(2), but has at most alleged a bare procedural violation, the injury-in-fact requirement of Article III has not been satisfied and the Court lacks subject matter jurisdiction.

Plaintiff's brief does not mention *Spokeo.* Rather, plaintiff contends that because it is defendant's burden, as the party removing the action from state court, to demonstrate that this Court has jurisdiction, plaintiff "takes no position on whether his complaint adequately alleges a concrete injury-in-fact." (Doc. 13 at 1, 3)

In essence, plaintiff does not dispute that he has suffered no concrete harm under *Spokeo.* Plaintiff's assertion that he does not have to do so because it is defendant's burden to demonstrate jurisdiction is not persuasive. This case was properly removable under federal question jurisdiction given that the sole claim asserted in the Complaint is an alleged violation of the FCRA. The case was also removable under the CAFA as plaintiff and defendant are citizens of different states, the putative class exceeds 100,000, and the amount in controversy exceeds

$5,000,000.  Thus, the Court decides whether the case may proceed here. Once in federal court, plaintiff must show Article III standing in response to a motion to dismiss challenging his lack of standing.  *See Key v. DSW, Inc.,* 454 F.Supp.2d 684 (S.D.Ohio 2006) (Where defendant removed the case to federal court pursuant to the Class Action Fairness Act, plaintiff was required to establish standing in response to defendant's motion to dismiss.)  *See also Ryan v. McDonald*, 2016 WL 3230680 (N.D.Ohio June 13, 2016) (Defendant removed the state court employment action to federal court as a federal official was named as the defendant. Defendant then moved to dismiss numerous claims for lack of subject matter jurisdiction.  The court recognized that where subject matter is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction.")

As plaintiff essentially concedes, he suffered no concrete harm from the alleged violation of § 1681b(b)(1). In response to defendant's motion, plaintiff does not dispute that he fails to allege that the background report prepared by defendant was inaccurate, contained errors, or was otherwise improper. Nor does plaintiff allege that he did not receive the statutorily-required information regarding Stevenson's intent to obtain a background report, that he did not provide Stevenson with his consent for the background check, or that the consent was invalid.  Under *Spokeo,* therefore, he does not have standing and the Court lacks subject matter jurisdiction. Plaintiff argues that upon a determination that this Court lacks jurisdiction, it must remand to state court.[1]  For the following reasons, this Court agrees.

---

[1] Plaintiff also asserts that the Court may not dismiss with prejudice as defendant has requested. This Court agrees. *See Revere v. Wilmington Fin.,* 406 Fed. Appx. 936 (6th Cir. 2011) (citations omitted) ("Dismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case.")

28 U.S.C. § 1447(c) states, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Plaintiff points out that the Sixth Circuit has rejected the idea that § 1447(c) contains a futility exception despite defendant's argument that plaintiff could not proceed in state court in the absence of concrete harm:

> Despite the express language of § 1447(c), Defendants contend that remand to state court in this case would be futile, as the state court, as a matter of state law, would dismiss the claims against Defendants for lack of standing. We reject Defendants' argument since the futility of a remand to state court does not provide an exception to the plain and unambiguous language of § 1447(c). Indeed, the Supreme Court noted that " 'the literal words of § 1447(c) ... on their face, give ... no discretion to dismiss rather than remand an action.' "

*Coyne v. American Tobacco Co.,* 183 F.3d 488, 496 (6th Cir. 1999) (citations omitted). *See also Range v. Cincinnati Life Insurance Co.,* 2012 WL 1035728 (N.D.Ohio March 27, 2012) (In case removed under CAFA, where plaintiff lacks Article III standing the Court lacks subject matter jurisdiction and remand to state court is appropriate under § 1447(c).)

Defendant maintains that CAFA provides a basis for dismissal and because *Coyne* was decided prior to CAFA and did not involve a federal statute or a putative nationwide class of individuals, a different approach is required. Defendant points out that the Senate Report addressing the purposes of CAFA identified the need to avoid the jurisdictional "gamesmanship" which plaintiff is using here:

> By now, there should be little debate about our numerous problems with our current class action system. A mounting stack of evidence reviewed by the Committee demonstrates that abuses are undermining the rights of both plaintiffs and defendants. One key reason for these problems is that most class actions are currently adjudicated in state courts, where the governing rules are applied inconsistently (frequently in a manner that contravenes basic fairness and due process considerations) and where there is often inadequate supervision over litigation procedures and proposed settlements. The problem of inconsistent and

7

> inadequate judicial involvement in class actions is exacerbated because the lawyers who bring the lawsuits effectively control the litigation . . . To make matters worse, current law enable lawyers to "game" the procedural rules and keep nationwide or multi-state class actions in state courts whose judges have reputations for readily certifying classes and approving settlements without regard to class member interests.

(Doc. 5 Ex. A. Senate Report No. 109-14 at 5-6). And, forcing a nationwide class action into a state court "invite[s] one state court to dictate to 49 others what their laws should be on a particular issue, thereby undermining basic federalism principles." (*Id.* at 16).  Against this backdrop, defendant notes that plaintiff is a North Carolina resident seeking to certify a nationwide class "in excess of 100,000" class members against an Ohio corporation asserting only a violation of federal law and where the federal court does not have standing to hear the lawsuit. If this case proceeds in state court, an Ohio state court will make decisions affecting citizens of every other state on a question of federal law.  Likewise, similar cases proceeding in other state courts would result in a significant risk of inconsistent rulings throughout the country concerning the FCRA.  Plaintiff asserts, "There is no difference between differing views of federal law in state courts as differing views of federal law in federal district courts of courts of appeal."  (Doc. 13 at 5) But, defendant counters that this ignores the "one key reason" Congress passed CAFA. Rather, CAFA's purpose was for federal courts to decide nationwide class actions- especially those involving a federal statute.

The mandatory language of § 1447(c) requires remand where the Court does not have subject matter jurisdiction. Defendant does not offer other federal cases which dismissed rather than remanded based on the principles of CAFA.  At least one court has found in a case removed under CAFA that where the court lacks subject matter jurisdiction due to plaintiffs' lack of Article III standing, the case must be remanded.  *Patton v. Experion Data Corp.,* 2016 WL

2626801 (C.D.Cal. May 6, 2016). *See also Polo v. Innoventions International,* - F.3d.- (9th Cir. Aug. 18, 2016) ("The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case.")

**Conclusion**

For these reasons, defendant's Motion to Dismiss is denied and the matter is remanded to the Cuyahoga County Common Pleas Court.

IT IS SO ORDERED.


                                              /s/ Patricia A. Gaughan
                                              PATRICIA A. GAUGHAN
                                              United States District Judge

Dated: 9/27/16